# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOLICK,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT A. PASIONEK, et al.,<br><br>  Defendants. | Case No. 2:10-CV-00353-KJD-GWF<br><br>**ORDER** |

Currently before the Court is Plaintiff's Motion to Strike (#14). Defendant filed a Response in Opposition (#19), to which Plaintiff filed a Reply (#21). Specifically, Plaintiff seeks that the Court issue an order striking Paragraphs 29 and 30 of Defendant's Counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that the allegations in those paragraphs are "redundant, immaterial, impertinent, and scandalous" and may cause severe prejudice to Defendant. (#14 at 2.)

**I. Background**

This case arises from an employment agreement between Plaintiff Robert L. Bolick, as the sole equity owner of the law firm Bolick & Boyer ("referred to herein as "Bolick & Boyer" or the "Firm"), and attorney Robert Pasionek ("Pasionek"). On or about December 30, 2008, Bolick & Boyer entered into an employment agreement with Pasionek under which Pasionek was to earn a

monthly draw of $25,000.00 annualized to $300,000.00 commencing on December 16, 2008. Then, between December 16, 2008, and April 15, 2009, the Firm advanced Pasionek $25,000.00 per month for a total of $100,000.00, reimbursed travel and business expenses, and paid for medical and dental insurance for Pasionek and his family pursuant to the terms of the employment agreement.

The Complaint alleges that between December 16, 2008, and April 15, 2009, Pasionek did not bill any hours or collect any money for the Firm and resultantly, the Firm terminated Pasionek's employment for cause. Additionally, the Firm has demanded that Pasionek pay the negative balance on his draws for said four months, under the terms of the agreement. On or about May 27, 2009, the parties "settled their differences" and developed an Amended Agreement that reinstated many of the terms of the original Agreement. Subsequently however, Pasionek stopped appearing at the Firm's offices, and is alleged to have begun working for another law firm in July, 2009. In August, 2009, Pasionek allegedly contacted Bolick & Boyer to terminate the Amended Agreement.

Bolick & Boyer brought its Complaint in State Court on December 8, 2009, alleging six claims for relief: (1) Breach of Agreement; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Intentional Misrepresentation; (4) Negligent Misrepresentation; (5) Unjust Enrichment; and (6) Accounting. The Complaint seeks compensatory and punitive damages. In response, Pasionek removed the case to federal court, (see #1) and shortly thereafter filed an Answer, with Affirmative Defenses, and Counterclaim. (#4.) Pasionek's Counterclaim raises eight claims for relief against Bolick & Boyer: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Fraud; (4) Negligent Misrepresentation; (5) Defamation; (6) False Light; (7) Alter Ego/Piercing the Corporate Veil; and (8) Declaratory Relief. Pasionek alleges inter alia that he never executed the Amended Agreement at issue, that he was induced to join the Firm in spite of the Firm's inability to meet financial obligations, and that Robert Bolick made defamatory and malicious statements about Pasionek that have caused prejudice and suffering. Pasionek denies liability and argues that the Firm is not entitled to recover any attorney fees or costs. (See #4.)

Bolick & Boyer's instant Motion seeks that the Court strike two paragraphs of Pasionek's Counterclaim pursuant to Fed. R. Civ. P. 12(f). Specifically, Bolick & Boyer aver that paragraphs 29 and 30 of the Counterclaim are redundant, immaterial, impertinent, and scandalous, and seek only to create an avenue through which Pasionek may harass the Firm with unnecessary and unrelated discovery requests and allegations.

**II. Legal Standard**

Under Fed. R. Civ. P. 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is considered "immaterial" if it has no bearing on the controversy before the Court. In re TheMart.com, Inc. Sec. Litig., 114 F.Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and are inadmissible as evidence. Id. "Scandalous" matter has been described to include allegations that cast a cruelly derogatory light on a party or other person. Id. (citing Skadegaard v. Farrell, 578 F. Supp. 1209, 1221 (D.N.J. 1984).

A Rule 12(f) motion is considered a "drastic remedy" that is "generally disfavored" by federal courts. Nevada Fair Housing Center, Inc. v. Clark County, 565 F.Supp.2d 1178 (D. Nev. 2008) (citing Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1300 (D.Nev. 2003); See also Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (cites and quotes omitted).

Despite its general disfavor, however, a district court's ruling on a motion to strike is reviewed only for an abuse of discretion. See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc. 397 F.3d 1217, 1224 n.4 (9th Cir. 2005). This is because the essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994)).

3

**III. Discussion**

Here, the paragraphs of Defendant's Counterclaim that Plaintiff seeks to have stricken state the following:

> 29. Upon information and belief, Bolick & Boyer withdrew funds from client trust accounts, including Pasionek's clients' accounts, in order to cover payroll expenses prior to billing clients for any services provided.
>
> 30. Upon information and belief, Bolick & Boyer prepared and presented fraudulent financial statements, including a "phantom" lease to a federal banking institution to procure refinancing of an office building occupied by Bolick & Boyer, located at 10785 West Twain Avenue, Suite 200, Las Vegas, Nevada 89315 and owned by principals of Bolick & Boyer.

Counterclaim at ¶¶ 29–30.

**A. Paragraph 29**

Defendant argues that the allegations regarding Bolick & Boyer's alleged misuse of client trust funds is pertinent to this litigation because it is "part and parcel of Bolick & Boyer's overall scheme to defraud Pasionek by misrepresenting the financial condition of the law firm." (#19 at 2.)

Defendant argues that a Rule 12(f) motion to strike should be granted only if the allegations complained of "have no possible relation to the controversy" and "its presence in the pleading will cause prejudice which cannot be prevented by action at a pre-trial conference or by a charge of the Court to the jury." (#19 at 3)(citing Williams v. McDaniel, 119 F.Supp. 247, 252 (D. Nev. 1953)). The Court does not agree with this statement. In Fantasy Inc. v. Fogerty, the Ninth Circuit more recently, applied a less exacting standard in its analysis a 12(f) motion. Specifically, the appeals court upheld a district court's decision to strike allegations in a counterclaim alleging tax fraud, as the allegations pre-dated the applicable statute of limitations, and presented the "serious risks of prejudice to [plaintiff], of delay, and confusion of the issues." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993). The appeals court additionally noted that the stricken allegations if preserved, created a strong likelihood of unwarranted and prejudicial inferences, and would have "unnecessarily complicated the trial [of the case's underlying copyright claim] by requiring the

introduction of extensive evidence of . . . tax plan agreements and a mass of related documents, potentially adding weeks to the trial." Id.

Here, though the presence of the aforementioned allegations of the misuse of client trust funds has the potential to cause prejudice, confusion, or delay to Plaintiff, an examination of the Defendant's assertions together with the nucleus of the underlying case, suggests that said assertions not be stricken. Pasionek's allegations concerning the misuse of client trust funds may have some relation to his misrepresentation claim. Accordingly, the Court finds that the Plaintiff's Motion to Strike should be denied as to paragraph 29 of the Counterclaim.

**B. Paragraph 30**

Paragraph thirty alleges that Bolick and Boyer prepared and presented fraudulent financial statements on behalf of a company in which Robert L. Bolick owns a partial interest—the Bolick Boyer & Nelson Office Building ("BBNO"). The pleadings demonstrate that the only direct relationship between Bolick and Boyer and BBNO however, is that Bolick and Boyer are tenants of the building owned by BBNO.

Defendant's allegations that the Firm prepared fraudulent financial statements for BBNO are too remote from the substance of the underlying litigation to outweigh the prejudice, delay, and confusion that may result if Defendant is allowed to pursue discovery regarding the claims. Defendant's allegations regarding Bolick & Boyer's submission of fraudulent financial statements on behalf of BBNO to obtain financing, even if true, are nonresponsive and immaterial to the unerlying dispute. The Court is cautious of transparent attempts to prolong litigation, open up spurious discovery issues, or that may unnecessarily waste time, expense, resources or cause undue prejudice. See U.S. v. Degayner, 2008 WL 4613084 (M.D. Fl., October 16, 2008); Taylor v. Community Associates, Inc., 2005 WL 757263 (E.D.La., March 30, 2005). Thus, the Court finds that the Plaintiff's Motion to Strike should be granted as to paragraph 30 of the Counterclaim.

//

//

5

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#14) is **DENIED** in part as to paragraph 29, and **GRANTED** in part as to paragraph 30.

**IT IS FURTHER ORDERED** that paragraph 30 of Defendant's Counterclaim shall be stricken pursuant to Fed. R. Civ. P. 12(f).

DATED this 24th day of February 2011.

_____
Kent J. Dawson
United States District Judge